UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PATRICIA ANN EDGECOMB,         )
                               )
    Plaintiff              )
                               )
v.                             )    No. 1:14-CV-00004-JCN
                               )
                               )
CAROLYN W. COLVIN, Acting Commissioner )
of Social Security,            )
                               )
    Defendant              )

## MEMORANDUM OF DECISION[1]

Plaintiff Patricia Edgecomb applied for supplemental security income benefits under Title II of the Social Security Act. Defendant, the Social Security Administration Acting Commissioner, found that Plaintiff has severe impairments, but that she retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits.

As explained below, following a review of the record, and after consideration of the parties' written and oral arguments, the recommendation is that the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

Defendant's final administrative decision[2] tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. § 404.1520. (ALJ Decision, ECF No. 9-2.) For purposes of Plaintiff's Title II claim, Plaintiff had insured status through December 31, 2013.

---

[1] The parties have filed a consent authorizing the undersigned to conduct any and all proceedings and enter a final order and judgment in this matter.

[2] Because the Appeals Council "found no reason" to review the ALJ's November 28, 2012, Decision, the Acting Commissioner's final decision is the ALJ's Decision.

At step 1 of the sequential evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity beginning April 10, 2010, the date of alleged onset of disability. At step 2, the ALJ determined that Plaintiff has one severe impairment, early osteoarthritis of the bilateral knees. The ALJ concluded at step 3 that Plaintiff's impairment does not meet or equal any listing in the Commissioner's Listing of Impairments, Appendix 1 to 20 C.F.R. Part 404, Subpart P.

Prior to further evaluation at steps 4 and 5, the ALJ assessed Plaintiff's residual functional capacity (RFC). Relevant to Plaintiff's Statement of Errors,[3] the ALJ found that Plaintiff has the capacity to perform light work subject to a six-hour limitation on sitting and a four-hour limitation on standing and walking during an eight-hour workday. The ALJ also determined that Plaintiff must never climb ladders, but may occasionally climb stairs; can frequently balance and stoop; and is limited to occasional kneeling and crouching.

At step 4, the ALJ concluded that Plaintiff's limitations precluded past relevant work. Using section 202.18 of the Medical-Vocational Guidelines, 20 C.F.R. § Part 404, Subpart P, Appendix 2, as a framework for decision-making at step 5, the ALJ found that Plaintiff could engage in other substantial gainful employment. The ALJ, therefore, concluded that Plaintiff was not disabled under the Social Security Act for the period commencing April 10, 2010, through the date of the decision.

## DISCUSSION

**A. Standard of Review**

The Court must affirm the administrative decision provided that the decision is based on the correct legal standard and is supported by substantial evidence, even if the record contains

---

[3] The ALJ's other RFC findings are not challenged in Plaintiff's Statement of Errors.

evidence that could support an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

**B. Analysis**

Plaintiff argues:

1. That the ALJ erred when he concluded that Plaintiff's primary care provider, Nurse Practitioner (NP) Christopher Walker, is not a medical source capable of supplying a diagnosis, and when he gave little weight to NP Walker's opinion letter of November 7, 2012, (Statement of Errors at 4);

2. That the ALJ erred when he did not adopt the opinion of consulting examiner Edward Harshman, M.D. (Exh. 5F) (Statement of Errors 5);

3. That the ALJ was required, but failed, to follow Social Security Ruling 12-2p (Statement of Errors at 6-7); and

4. That the ALJ failed to consider the limiting effects of fibromyalgia, anxiety, and porphyria as part of the RFC assessment (*Id.* at 7-8).

***1. ALJ's weighing of NP Walker's opinion***

In his November 7, 2012, letter, NP Walker wrote that Plaintiff was in treatment for "a chronic pain condition" and that Plaintiff's symptoms "have been of sufficient severity to prevent her from working for the last two years." (Exh. 13F, PageID # 391.)

Although a nurse practitioner is not an "acceptable medical source" and, therefore, is not a "treating source" whose opinion benefits from the "controlling weight" presumption, the ALJ could not simply disregard NP Walker's statement. The ALJ, however, was not required to give "good reasons" for rejecting the statement as is necessary when an ALJ rejects a treatment source statement. 20 C.F.R. § 404.1513(a); Social Security Ruling 06-03p; *Hinckley v. Astrue*, No. 2:10-CV-197-GZS, 2011 WL 1226055, at *4 (D. Me. Mar. 29, 2011) *report and recommendation adopted,* 2011 WL 1560001 (D. Me. Apr. 25, 2011).

The ALJ adequately addressed Walker's statement. The ALJ explained that he afforded the statement little weight because Walker had not provided a function-by-function assessment of Plaintiff's limitations, and because the record reflected only intermittent upper extremity pain, which was inconsistent with Walker's observations. (ALJ Decision at 7, PageID # 47.) Simply stated, the ALJ did not err in his assessment of Walker's statement.

Plaintiff also contends that the ALJ should have contacted NP Walker to obtain "clarification." (Statement of Errors at 5.) Under the circumstances, however, the ALJ was not required to consult with Walker. Social Security Ruling 96-5p; *Shenk v. Colvin*, No. 2:13-CV-233-DBH, 2014 WL 3533470, at *4 n.2 (D. Me. July 15, 2014).

## 2. *Dr. Harshman's Examination Report*

In his report (Exh. 5F) following his July 19, 2011, examination of Plaintiff, Dr. Harshman wrote that Plaintiff could stand for 10 minutes, walk 500 feet, lift and carry 10 pounds, and was restricted regarding certain postures and environments. The ALJ concluded that Dr. Harshman's opinions are inconsistent with the longitudinal record, including evidence that suggested that Plaintiff's knee pain was at a low level. (ALJ Decision at 7.)

4

Defendant argues that Plaintiff's challenge to the ALJ's finding regarding Dr. Harshman's opinion is unpersuasive because Plaintiff has not identified a treatment record that undermines the ALJ's conclusion. (Response at 7.) Defendant also observes that any error would be harmless because upon the ALJ's inquiry of the vocational expert, the expert testified that jobs were available to Plaintiff even with a hypothetical RFC based on Dr. Harshman's opinion. (Response at 7-8.)

Ultimately, the ALJ relied on the RFC opinions of the state agency physicians, Dr. Herbert Blumenfeld, M.D. (Exh. 1A, ECF No. 9-3, PageID # 102-103) and Dr. Benjamin Weinberg, M.D. (Exh. 3A, ECF No. 9-3, PageID # 113-14), which opinions were offered after a review of the relevant medical evidence. In fact, Dr. Weinberg considered Dr. Harshman's report (PageID # 108). Because the ALJ, the vocational expert upon whom the ALJ relied, and a consulting expert considered Dr. Harshman's opinion, and because the expert opinions upon which the ALJ relied are supported by medical evidence on the record, the ALJ did not commit error simply by declining to adopt Dr. Harshman's opinion.

### 3. *Social Security Ruling 12-2p*

SSA Ruling 12-2p, dated July 25, 2012, "provides guidance on how we develop evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how we evaluate fibromyalgia in disability claims and continuing disability reviews under titles II and XVI of the Social Security Act." *Titles II & XVI: Evaluation of Fibromyalgia*, SSR 12-2p (S.S.A. July 25, 2012). The ALJ did not follow the guidance outlined in the Ruling.

The preliminary issue is whether the Ruling is implicated in this case. The Ruling states in part, "[w]hen a person seeks disability benefits due in whole or in part to [fibromyalgia], we must properly consider the person's symptoms when we decide whether the person has a

5

[medically determinable impairment] of [fibromyalgia]." In this case, Plaintiff seeks a disability determination based in whole or in part on fibromyalgia. While Defendant maintains that Plaintiff's claim is unsupported by the record, the ALJ did not mention fibromyalgia in his discussion. Given that Plaintiff has made a disability claim based on fibromyalgia,[4] ideally, the ALJ would have discussed fibromyalgia to eliminate any concern about the fibromyalgia claim and the applicability of the Ruling. In the absence of any mention of fibromyalgia in the ALJ's decision, Plaintiff's argument for a remand regarding the issue of fibromyalgia merits discussion.

A review of the record reveals (1) that Dr. Harshman conducted a screening for fibromyalgia during his consultative examination and (2) that both consulting physicians who offered RFC assessments (Drs. Blumenfeld and Weinberg) reviewed not only Dr. Harshman's fibromyalgia-specific examination findings, but also the then-existing longitudinal record regarding Plaintiff's musculoskeletal complaints and found that the record lacked "reported exam findings indicative of fibromyalgia." (Exh. 1A p. 6, PageID # 103; Exh. 3A p.8, PageID # 114.) In other words, although the ALJ did not discuss fibromyalgia, through the review of the records of Drs. Blumenfeld and Weinberg, the ALJ, and thus the Defendant, considered the evidence regarding fibromyalgia in the assessment of Plaintiff's claim.

In addition, none of the treating physicians has endorsed a fibromyalgia diagnosis. Brian Daikh, M.D. (Exh. 7F), an expert in rheumatology who examined Plaintiff on referral from her treatment provider in November 2010, did not identify fibromyalgia as an explanation for Plaintiff's reported symptoms, which appear to be consistent with Plaintiff's historical symptoms. Similarly, the February 2012 report of Nurse Practitioner Walker (Exh. 12F), which report was countersigned by Steven Wilson, M.D., included musculoskeletal examination findings, but

---

[4] For instance, Dr. Harshman's records include a "fibromyalgia screening," NP Walker's records reflect possible treatment for fibromyalgia, and Dr. Mollison's records reference fibromyalgia as part of his assessment/plan.

assessed "chronic pain syndrome" with "elements suggestive of osteoarthritis."  Not insignificantly, the report did not attribute the findings to fibromyalgia.

Furthermore, the only proffered diagnosis of fibromyalgia, which diagnosis is found in exhibit 14F, was offered by a nurse practitioner, and not by an "acceptable medical source."  The nurse practitioner's opinion cannot substantiate the fibromyalgia diagnosis for purposes of this social security proceeding.  20 C.F.R. § 404.1513(a).  In other words, Plaintiff cannot cite to a diagnosis of fibromyalgia from an acceptable medical source.

Finally, in his RFC discussion, the ALJ considered Plaintiff's subjective complaints of chronic pain in her extremities, including allegations associated with hand impairment.  Particularly in the absence of a fibromyalgia diagnosis, the Court cannot conclude that the ALJ's credibility assessment regarding Plaintiff's complaints of functional limitation resulting from chronic pain would have been different had he addressed fibromyalgia consistent with SSR 12-2p.  Accordingly, while it would have been preferable had the ALJ considered fibromyalgia in accordance with the Ruling, on this record, a remand is not warranted.

### 4. *Completeness of the ALJ's RFC discussion*

Plaintiff argues that the ALJ failed to discuss the possible limiting effects of Plaintiff's non-severe impairments (including anxiety, which appears to lack any supportive diagnosis in the record and was found non-severe by a consulting doctor (Exh. 6F)).  While the ALJ should reevaluate the non-severe impairments in the course of the RFC discussion, he gave substantial weight to two doctors who considered the record, including the non-severe impairments.  Indeed, Dr. Harshman found that "achalasia and porphyria each have no obvious direct affect [sic] on day to day activities."  (Exh. 5F, PageID # 301.)  In addition, Plaintiff has offered no medical source statement to establish that the combination of the non-severe impairments generates a severe

7

limitations. The ALJ's failure to address the possible limiting effect of the non-severe impairments, therefore, was not error, or, alternatively, was at most harmless error.

## CONCLUSION

Based on the foregoing analysis, the Court affirms the administrative decision.

***So Ordered.***

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of January, 2015.